RAFAEL A. SEMINARIO [10250]
JESSE W. JORDAN [19287]
RICHARDS BRANDT MILLER NELSON
111 East Broadway, Suite 400
Salt Lake City, Utah 84111
Telephone: (801) 531-2000
Fax No.: (801) 532-5506
Email: Rafael-Seminario@rbmn.com
Jesse-Jordan@rbmn.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, S.I, a stock insurer,<br><br>Plaintiff,<br><br>vs.<br><br>DMLM, LLC, a Utah limited liability company; DMLM, LLC dba. Sunset Living LLC; DMLM, LLC dba. Beehive Homes of Salem; Sunset Living LLC, a Utah limited liability company,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Civil No. 2:25-cv-1116<br><br>Judge ______________________ |

Plaintiff Church Mutual Insurance Company, S.I. ("CMIC"), by and through its counsel of record, Rafael A. Seminario and Jesse W. Jordan of RICHARDS BRANDT MILLER NELSON, and pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby complains and alleges against Defendants DMLM LLC, a Utah limited liability company; DMLM LLC dba. Sunset Living LLC; DMLM LLC dba. Beehive Homes of Salem; and Sunset Living LLC, a Utah limited liability company (collectively "DMLM"), and for causes of action alleges as follows:

## INTRODUCTION

1. This action is filed pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, et seq., and CMIC seeks an order from this Court declaring its duties and responsibilities under a Contract of Insurance issued by CMIC to Beehive Homes.

## JURISDICTION

2. CMIC is stock insurer incorporated in the state of Wisconsin, with its principal place of business in Merrill, Wisconsin.

3. DMLM and its related entities are Utah limited liability companies.

4. Upon information and belief, no members of DMLM are citizens of the state of Wisconsin.

5. This matter is based on 28 U.S.C. §§ 1332(a), 2201 and 2202, as this suit prays for declaratory judgment, is between citizens of different states, and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to the contested issues in this case occurred in the District of Utah, DMLM is a Utah LLC with its principal place of business in the State of Utah, the case seeks a declaratory judgment concerning certain insurance contracts and claims pertaining to an underlying claim against DMLM that occurred in Utah, and the applicable insurance coverage is to be interpreted under Utah law.

## FACTUAL ALLEGATIONS

7. In March of 2024, DMLM sought to purchase two different insurance policies from CMIC: (1) a Business Automobile Policy (hereinafter "Auto Policy") – Policy No. 09-

735291; and (2) a Package Policy (hereinafter “Package Policy”) – Policy No. 25-735289. (See Package Policy, attached as Exh. 1.).

8. The coverage period for each of these two policies was originally from March 7, 2024 to March 7, 2025.

9. On 3/22/24, CMIC issued a Premium Payment Notice to DMLM for each of these two policies detailing the annual premiums and various payment option plans. (See Premium Payment Notice dated 3/22/24, attached as Exh. 2.)

10. The annual premium for the Auto Policy was $1,865 and the annual premium for the Package Policy was $31,329. (*Id.*).

11. Regardless of the payment plan selected, the first, partial, or total payment for each policy was due on April 22, 2024. (*Id.*).

12. DMLM failed to make the first payment on the due date of 4/22/24, for either policy.[1]

13. On 5/3/24, CMIC sent DMLM a Notice of Cancellation. (See Notice of Cancellation, attached as Exh. 3.) The notice states:

> Payment received after the date of cancellation will not automatically result in reinstatement of your policy. The payment will be applied to your cancelled policy. A billing statement will be sent for additional amounts owed, if any, to the time of cancellation. Any account credit will be disbursed in due course.

14. On 5/7, 2024, new Billing Statement was sent to DMLM indicating the past due amounts owed on each policy with instructions on setting up auto-pay. (See Billing Statement dated 5/7/24, attached as Exh. 4)

---

[1] DMLM subsequently set up auto-pay for the Business Auto Policy, but not the Package Policy. As a result, the Business Auto Policy remained active throughout the policy period.

15. The past amount due at that time for the Package Policy was $7,832.70 with current charges due of $2,614.70, for a total amount due of $10,447.40. (*Id.*).

16. The next day, on 5/8/24, DMLM made a payment for the past due amount of $7,832.70 for the Package Policy, but not the amount due for the current month of $2,614.70. (See Package Policy—Policy Billing Transactions, attached as Exh. 5.)

17. On 6/7/24, CMIC sent DMLM another Billing Statement showing that the past due amount on the Package Policy was $2,614.70, and the current charges for the 4th month was an additional $2,614.70, for a total amount due of $5,229.40. (See Billing Statement dated 6/7/24, attached as Exh. 6.)

18. When payment was not received by CMIC, on 6/19/24, CMIC sent DMLM another Notice of Cancellation which listed 7/4/24 as the cancellation date for the Package Policy and indicating that if the amount of $2,614.70 is not received by 7/4/24, the policy would not be reinstated. (See Notice of Cancellation, attached as Exh. 7.)

19. This Notice of Cancellation states as follows:

> Payment received after the date of cancellation will not automatically result in reinstatement of your policy. The payment will be applied to your cancelled policy. A billing statement will be sent for additional amounts owed, if any, to the time of cancellation. Any account credit will be disbursed in due course.
>
> **No further notice will be sent if the required amount is not received by the date of cancellation.**

20. As 7/4/24 came, CMIC had not received the past due premiums on the Package Policy which resulted in cancellation of the Package Policy.

21. As a result, on 7/7/24, CMIC sent DMLM a Billing Statement dated 7/7/24 indicating that the Package policy was cancelled and indicating an amount for past premiums due

up through the 7/4/24 cancellation date of $2,395.30. (See Billing Statement dated 7/7/24, attached as Exh. 8.)

22. On 8/7/24, more than one month after the cancellation of the Package Policy, DMLM made a payment for only the past due amount of $2,395.30. (See Exh. 5.)

23. It was not until 3/5/25 that CMIC received any other payment from DMLM for the Package Policy, after the incident involving Charles Gotter, and after DMLM had received re-confirmation that the Package Policy had been cancelled on 7/4/24. DMLM had paid $10,213 on 3/5/25, which was refunded to DMLM on 4/10/25. (*Id.*).

**The Gotter Claim**

24. CMIC hereby incorporates the allegations of paragraphs 1-23 above as if fully set forth herein.

25. In August of 2024, it is alleged that DMLM undertook care of Charles Gotter, an 84 year-old with dementia and Alzheimer's disease, at its Beehive Homes facility in Utah. (See Gotter Complaint, attached as Exh. 9.).

26. On 1/31/25, Mr. Gotter wandered into a laundry room, consumed a laundry detergent pod, and ultimately died as a result. (*Id.*).

27. On 2/10/25, DMLM reported the Gotter incident to CMIC.

28. Shortly thereafter, CMIC notified DMLM that the Package Policy had cancelled on 7/4/24 consistent with the prior Notices of Cancellation that were sent to DMLM.

29. DMLM now seeks reinstatement of the Package Policy and coverage for the Gotter claim.

## CLAIM FOR DECLARATORY RELIEF

30. CMIC hereby incorporates by reference its allegations in paragraphs 1-29 above.

31. An actual dispute and controversy have arisen between CMIC and DMLM regarding whether the Package Policy was in effect at the time the Gotter Claim was made and whether CMIC owes any duties to defend and/or indemnify DMLM for the Gotter Claim.

### ***I. The Package Policy Was Cancelled at the Time the Gotter Claim Was Made.***

32. The Package Policy generally provides some coverage for certain claims made during the policy period. (See Exh. 1 at 148 of 287.).

33. Due to non-payment of premiums, the Package Policy was cancelled on 7/4/24.

34. DMLM made payments for past due premiums but never made the requisite payments of premiums to avoid the cancellation of the policy prior to its cancellation.

35. DMLM never requested that the Package Policy be reinstated until over seven months after the Package Policy had cancelled, and after the Gotter Claim arose.

36. During the over seven-month period between the cancellation of the Package Policy and notification of the Gotter Claim, DMLM made no insurance premium payments for the Package Policy.

37. As a result, CMIC seeks a declaratory judgment that the Package Policy was cancelled and not in effect at the time the Gotter Claim was reported to CMIC.

### ***II. CMIC Owes No Duty to Defend or Indemnify DMLM for the Gotter Claim.***

38. CMIC's duties to defend and/or indemnify DMLM stem from the provisions of the Package Policy. (*Id.*).

39. If the Package Policy was not in effect at the time the Gotter Claim was made to CMIC, then CMIC would owe no contractual duty to defend or indemnify DMLM for any claims made outside the policy period.

40. In this case, the policy period where the Package Policy was in effect ranged from 3/7/24 to 7/4/24, the date of the cancellation of the Package Policy.

41. DMLM first reported the Gotter Claim to CMIC on 2/10/25, over seven months after the Package Policy had cancelled and outside the policy period.

42. Because the Gotter Claim was made and reported to CMIC outside the coverage period, CMIC has no duties to either defend or indemnify DMLM for the Gotter Claim.

**WHEREFORE**, CMIC prays for declaratory judgment against DMLM as follows:

1. For an order declaring that the Package Policy was cancelled on 7/4/24.
2. For an order declaring that DMLM reported the Gotter Claim outside the coverage period.
3. For an order declaring that CMIC has no duties to defend or indemnify DMLM for the Gotter Claim.
4. For such other relief as the Court deems just under the circumstances.

DATED this 10th day of December, 2025.

RICHARDS BRANDT MILLER NELSON

/s/ *Rafael A. Seminario*
RAFAEL A. SEMINARIO
JESSE W. JORDAN
*Attorneys for Plaintiff Church Mutual Insurance Company, S.I.*